IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| JOSEPH EUGENE NAGY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) | No. 23-0505 C <br><br> Filed: July 20, 2023 |

**MEMORANDUM OPINION AND ORDER**

    This action concerns the Social Security Administration's ("SSA") reinstatement of Plaintiff Joseph Eugene Nagy's retirement benefit payments, from which an amount is withheld for child support pursuant to a state court garnishment order. Plaintiff's benefit had previously been suspended at his request, and he claims the SSA acted unlawfully in rescinding the suspension. Plaintiff seeks $7 million in compensatory and punitive damages, as well as an order reinstating the suspension. Before the Court are Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP Application") (ECF No. 8) and the Government's combined Opposition and Motion for Summary Dismissal (ECF No. 9). For the reasons set forth below, the Court **DENIES** Plaintiff's IFP Application and **GRANTS** the Government's Motion.

**I.   BACKGROUND**

    On April 10, 2023, Plaintiff, proceeding *pro se*, filed a Complaint in this Court alleging that the SSA unlawfully reinstated his social security retirement benefit, thereby allowing a portion of it to be garnished for child support. Pl.'s Compl., ECF No. 1. To bring this case without paying the $402 filing fee, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). *See* Mot. for Leave to Proceed IFP, ECF No. 8. The Government opposes Plaintiff's IFP request given his

"history of frivolous litigation" and has moved to summarily dismiss the Complaint pursuant to 28 U.S.C. § 1915(e) as frivolous, malicious, and for failure to state a claim upon which relief may be granted. *See* Def.'s Resp. in Opp'n to IFP Mot. & Mot. for Summ. Dismissal at 1, 7, ECF No. 9.

Subsequently, Plaintiff filed an Amended Complaint.[1] *See* Pl.'s Am. Compl., ECF No. 11. He asserts many of his original claims and adds an unrelated identity theft claim directed at a John Doe. Generally, Plaintiff alleges that he submitted an application for the suspension of benefits on or about December 30, 2016, and as a result the SSA suspended his benefit for the following three months, from January to March 2017. *Id.* ¶¶ 10, 11. On or about March 15, 2017, the SSA lifted the suspension due to a state court garnishment order for child support submitted by the Texas Attorney General, requiring that benefit payments continue. *Id.* ¶¶ 12, 34–35. Plaintiff separates his action into four counts: (1) due process violations arising under the Fifth Amendment of the U.S. Constitution, *id.* at 6; (2) negligent or intentional wrongful acts committed by SSA employees, *id.* at 7; (3) identity theft in violation of 18 U.S.C. § 1028(a)(7) (solely against Defendant John Doe), *id.* at 8; and (4) a Federal Tort Claims Act violation due to an alleged infraction of public duty, *id.* at 9.

---

[1] Typically, a motion to dismiss is rendered moot by the filing of an amended pleading, as the amendment supersedes the original complaint, rendering the original pleading of no effect. Here, however, the Amended Complaint contains the same factual allegations and substantially the same claims. *See Kalos v. United States*, 368 F. App'x 127, 131–32 (Fed. Cir. 2010) (holding that the lower court "did not abuse its discretion by construing the government's motion to dismiss as applying to the amended complaint, given that [it] contained the same claims and substantially the same factual allegations as the original"). And in any event, the Court has independent authority to preliminarily screen and *sua sponte* dismiss cases under 28 U.S.C. § 1915(e).

## II.  LEGAL STANDARDS

### A.      Pro Se Litigants

When a claimant files a complaint as a *pro se* litigant, the Court construes the allegations liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005). Despite this custom of leniency, however, *pro se* litigants must still meet jurisdictional requirements. *Jaye v. United States*, 781 F. App'x 994, 996 (Fed. Cir. 2019) ("[A] court may not 'take a liberal view of . . . jurisdictional requirement[s] and set a different rule for *pro se* litigants only.'" (quoting *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987))). Regardless of *pro se* status, a plaintiff always bears the burden of establishing subject-matter jurisdiction. *See Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

### B.      Dismissal for Lack of Subject-Matter Jurisdiction

Before reaching the merits of a plaintiff's action, the Court must as a threshold matter assure itself that subject-matter jurisdiction exists. *See* R. 12(b)(1), (h)(3), Rules of the United States Court of Federal Claims ("RCFC"); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (affirming that subject-matter jurisdiction "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception'" (quoting *Mansfield v. Swan*, 111 U.S. 379, 382 (1884))). The plaintiff bears the burden of establishing by the preponderance of evidence the Court's jurisdiction over its claim. *See Estes Express Lines*, 739 F.3d at 692. If subject-matter jurisdiction is lacking, "the only function remaining to the court is that of announcing the fact and dismissing the [case]." *Health Republic Ins. Co. v. United States*, 161 Fed. Cl. 510, 517 (2022) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

### C.     IFP Status

Receiving IFP status is a privilege, not a right, and the decision to allow a litigant to proceed in such status is committed to the courts' sound discretion. *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998); *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016) ("Section 1915 permits, but does not require, a court to allow a party to proceed without paying the requisite fees if 'the person is unable to pay such fees or give security therefor.'" (quoting 28 U.S.C. § 1915(a)(1))).  Regardless of a litigant's inability to pay the fee, courts have an obligation to deny IFP status to vexatious litigators, *see, e.g.*, *In re Anderson*, 511 U.S. 364, 365–66 (1994), and, in particular, have discretion to deny IFP status "where [plaintiffs] have exhibited a history of frivolous or abusive filings," *Straw v. United States*, No. 21-1600, 2021 WL 3440773, at *5 (Fed. Cir. Aug. 6, 2021) (collecting cases); *see, e.g.*, *Maxberry v. United States*, No. 21-2234, 2021 WL 7186330, at *1 (Fed. Cir. Nov. 17, 2021), *cert. denied*, No. 21-6928, 2022 WL 585942 (U.S. Feb. 28, 2022).

Moreover, even if a court grants a plaintiff's request for IFP status, it must nonetheless dismiss the complaint if it determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *Mendes v. United States*, 88 Fed. Cl. 759, 760 (2009).  An IFP complaint should not be dismissed merely because a plaintiff's claims are unlikely. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Rather, a suit is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A case is malicious if it is duplicative, meaning it involves the same events and alleges many of the same facts asserted by a plaintiff in previous litigation. *Armhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).  And an action fails to state a claim when it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (internal quotation makes and citation omitted).

## III.  DISCUSSION

### A.  The Court Lacks Jurisdiction over Each of Plaintiff's Claims.

Count I of the Amended Complaint provides that the SSA violated Plaintiff's Fifth Amendment right to due process by reinstating his benefit payments subject to the garnishment order without giving him an "opportunity to be heard at a meaningful time and in a meaningful manner."  ECF No. 11 ¶ 36.  This Court lacks jurisdiction over claims alleging violations of the Due Process Clause of the Fifth Amendment.  *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).  The Due Process Clause does not invoke the Court's jurisdiction because it is not a money-mandating source of law, as required by the Tucker Act.  *Id.*; 28 U.S.C. § 1491(a)(1); *Murray v. United States*, 817 F.2d 1580, 1583 (Fed. Cir. 1987) ("Although the Fifth Amendment's due process clause provides that no person shall be deprived of property without due process of law, no language in the clause itself requires the payment of money damages for its violation.").  Therefore, the Court lacks jurisdiction to hear the claim set forth in Count I.

Count II accuses the Government of committing various "Legal Wrongs."  ECF No. 11 ¶ 39.  Plaintiff cites to 20 C.F.R. § 423.1 (2023), which addresses service of process in suits against the SSA and its employees in their official capacities.[2]  However, the Social Security Act provides

---

[2] Although Count II does not allege a breach of contract claim, Plaintiff refers to the SSA's initial suspension of his benefit as enforcement and execution of a "suspension contract."  ECF No. 11 ¶ 41.  The Court, however, is not bound by a litigant's "conclusory legal characterizations."  *Perry v. United States*, 149 Fed. Cl. 1, 17 (2020).  Plaintiff's claim more closely resembles an appeal of the SSA's decision to comply with the state court garnishment order.  *See Treece v. United States*, 96 Fed. Cl. 226, 230 (2010) (holding that the plaintiff's challenge to the SSA's denial of benefits did not involve an implied contract but rather represented an attempted appeal of the SSA's decision); *see Nat'l Ctr. for Mfg. Sci. v. United States*, 114 F.3d 196, 199 (Fed. Cir. 1997) (holding that courts should "look to the true nature of the action in determining the existence or not of jurisdiction") (quoting *Katz v. Cisneros*, 16 F.3d 1204, 1207 (Fed. Cir. 1994))).

a comprehensive scheme for review of the SSA's actions and decisions. 42 U.S.C. § 405(h) (providing that findings and decisions regarding social security benefits "shall [not] be reviewed by any person, tribunal, or government agency" except as specified in the Act). Pursuant to that statutory scheme, challenges to decisions regarding social security benefits are within the sole jurisdiction of the United States district courts. *Id.* § 405(g) (providing that civil actions for review of decisions regarding social security benefits "shall be brought in the district court of the United States"); *see Arrunga v. United States*, 465 F. App'x 966, 967–68 (Fed. Cir. 2012) (holding that the Social Security Act "makes clear that the Court of Federal Claims lacks jurisdiction"). Furthermore, the Tucker Act does not grant the Court of Federal Claims jurisdiction over claims related to social security benefits, even when a plaintiff "assert[s] that he is entitled to relief under the Constitution." *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990). The Court therefore lacks jurisdiction over Count II.

Count III of Plaintiff's Amended Complaint requests relief for alleged identity theft committed by a John Doe who opened an iPhone account in Plaintiff's name. ECF No. 11 ¶¶ 25, 48. This Court lacks jurisdiction to hear cases arising from criminal violations. *See, e.g.*, *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (holding that the Court of Federal Claims "is a court of specific civil jurisdiction" and cannot "adjudicate any claims whatsoever under the federal criminal code"); *Hufford v. United States*, 87 Fed. Cl. 696, 702 (2009). Moreover, the Tucker Act only gives the Court jurisdiction over suits against the United States, not private parties. *Edelmann v. United States*, 76 Fed. Cl. 376, 380 (2007). Accordingly, the Court lacks jurisdiction over the claim asserted in Count III.

Finally, Count IV is premised upon an alleged "infraction of public duty" by SSA employees and is characterized as a "Federal Torts Claim Violation." ECF No. 11 at 9. The

6

Tucker Act expressly precludes tort claims from this Court's jurisdiction. 28 U.S.C. § 1491(a)(1) (stating this Court "shall have jurisdiction . . . in cases not sounding in tort."); *Lofton v. United States*, 154 Fed. Cl. 195, 200 (2021). Moreover, the Federal Tort Claims Act grants exclusive jurisdiction over tort claims against the United States to federal district courts. 28 U.S.C. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."); *Whiteford v. United States*, 148 Fed. Cl. 111, 122 (2020). There is thus no "cognizable source of jurisdiction" for the Court to adjudicate the claims in Count IV. *Rothing v. United States*, 132 Fed. Cl. 387, 390 (2017).

Accordingly, Plaintiff's Amended Complaint must be dismissed for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3).

**B.    Plaintiff's Claims Are Malicious, and He is Not Entitled to IFP Status.**

The Court additionally finds that Plaintiff's claims are malicious and thus subject to dismissal in the alternative under 28 U.S.C. § 1915(e)(2)(B)(i). In December 2016, Plaintiff brought an action in the United States District Court for the District of New Jersey, suing the SSA regarding the same alleged wrongful garnishment of his benefit for child support. *Nagy v. Soc. Sec. Admin.*, No. 16-cv-9559 (PGS)(LHG), 2017 WL 3390359, at *1 (D.N.J. Jan. 20, 2017). There, the court ruled that federal courts are generally divested from exercising power over domestic relations issues such as child support (which in Plaintiff's case had been determined in a state court's ruling not subject to review in federal court), and it dismissed the case for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). *Id.* at *2. Both the court's ruling and reasoning were affirmed on appeal. *Nagy v. Soc. Sec. Admin.*, 689 F. App'x

7

690, 691–92 (3d Cir. 2017) (holding "the SSA could not be liable for honoring the [state court's] writ of garnishment given that nothing in the record indicates that the order was not valid legal process"). Undeterred, Plaintiff filed a nearly identical case regarding the garnishment in June 2017, less than a week after the Circuit's decision, which the court summarily dismissed as procedurally defective in March 2018. Order, *Nagy v. Soc. Sec. Admin.*, No. 3:17-cv-03904-PGS-DEA (D.N.J. Mar. 19, 2018), ECF No. 5. Plaintiff filed a new case the next month. *See* Mem. Order at 2, *Nagy v. Comm'r of Soc. Sec.*, No. 18-8501 (JLL) (D.N.J. May 1, 2018), ECF No. 2. The court *sua sponte* dismissed that suit for lack of subject-matter jurisdiction and based its ruling on the Third Circuit's prior decision. *Id.*

Plaintiff recently brought two more cases in the United States District Court for the Northern District of Texas regarding the child support garnishment issue, this time against the State of Texas, state officials, and his ex-wife. *See Nagy v. McGrath*, No. 3:22-cv-1155-K-BN, 2022 WL 2251042, at *3–4, 6 (N.D. Tex. June 1, 2022) (rejecting some of Plaintiff's criminal claims as legally frivolous and recommending a dismissal of the action, stating that federal courts may not review rulings of state courts or agencies), *R. & R. adopted*, *Nagy v. McGrath*, No. 3:22-cv-1155-K-BN, 2022 WL 2237502, at *1 (N.D. Tex. June 22, 2022); *Nagy v. McGrath*, No. 3:22-cv-1627-X-BN, 2022 WL 3636614, at *5 (N.D. Tex. Aug. 5, 2022) (recommending dismissal of the complaint as malicious under 28 U.S.C. § 1915(e)(2)(B)(i), and warning Plaintiff that if he continued filing frivolous or malicious lawsuits, he would be denied from proceeding IFP or *pro se*), *R. & R. adopted*, *Nagy v. McGrath*, No. 3:22-CV-1627-X, 2022 WL 3636683, at *1 (N.D. Tex. Aug. 23, 2022).

Plaintiff's challenge to the SSA's reinstatement and garnishment of his benefit for child support has already been reviewed by the federal courts in two cases, including one appeal, and

dismissed each time. Other claims arising from the garnishment order have also been asserted by Plaintiff and dismissed in two separate cases, one of which was dismissed under the malicious prong of § 1915(e). The Court agrees with the Government that Plaintiff's claims in the instant case are malicious and should therefore be dismissed pursuant to § 1915(e)(2)(B)(i). *See* ECF No. 9 at 1; *see Armhein*, 740 F. App'x at 67 (holding that the plaintiff's suit was properly dismissed as malicious because it raised the same claim "at the root" of a prior federal case that was dismissed and its state court antecedent).

The Court also agrees that Plaintiff should not be permitted to proceed IFP due to his history of filing frivolous and abusive suits. *See In re Sindram*, 498 U.S. 177, 180 (1991) (holding that courts have a "duty to deny in forma pauperis status to those individuals who have abused the system"); *see also Straw*, 2021 WL 3440773, at *5. As the Government recounts, Plaintiff has filed at least 20 lawsuits in federal courts in the last ten years, many of which "ha[ve] centered on the consequences of state court domestic relations proceedings, including the garnishment of Federal benefits to comply with court-ordered child support obligations." ECF No. 9 at 10. Two courts have recently dismissed Plaintiff's claims against his ex-wife and state officials as either frivolous or malicious. *McGrath*, 2022 WL 2237502, at *1; *McGrath*, 2022 WL 3636683, at *1. The Government likewise cites an example dating back to the early 1990s, in which the Fifth Circuit found as frivolous Plaintiff's attempt to recast a challenge to a state court judgment in a divorce/child-custody proceeding as a civil rights suit. *Nagy v. Holt*, 988 F.2d 1210, 1210 (5th Cir. 1993) (per curiam). And at least one other court has cautioned Plaintiff about his abusive litigation history in relation to a suit asserting claims, in part, against his ex-wife based on divorce, child custody, and child support issues. *See Nagy v. Wells Fargo Bank, N.A.*, No. 3:12-CV-1934-O-BK, 2012 WL 5409730, at *3 (N.D. Tex. July 27, 2012), *R. & R. adopted*, No. 3:12-CV-1934-

O, 2012 WL 5409627 (N.D. Tex. Nov. 6, 2012) (warning of sanctions or an anti-filing injunction if Plaintiff "persist[ed] in filing lawsuits that fail to state a claim or over which the Court lacks subject matter jurisdiction").

Accordingly, the Court finds that Plaintiff is not entitled to IFP status due to his history of filing frivolous lawsuits in the federal courts and dismisses the case as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Arroyo v. United States*, No. 21-818C, 2021 WL 2769874, at *6–7 (Fed. Cl. July 2, 2021).

### C.    The Court Will Not Transfer This Case to Another Court.

While not requested by Plaintiff, since the Court finds it lacks jurisdiction, it considers whether it is in the interests of justice to transfer Plaintiff's suit to another court.  *See Mendes*, 88 Fed. Cl. at 762–63 n.3 (considering transfer *sua sponte* because the plaintiff was *pro se* and also because the transfer statute encourages transfer rather than dismissal).  A federal court may transfer a case to another federal court when: (1) the transferring court lacks subject-matter jurisdiction, (2) the case could have been brought in the transferee court when the case was filed, and (3) a transfer is in the interest of justice.  28 U.S.C. § 1631.  Here, transfer is not appropriate.  Plaintiff has filed multiple suits in federal district court regarding this very wage garnishment dispute.  As the District Court for the District of New Jersey has already considered and dismissed Plaintiff's claims as being beyond federal court review, it is not in the interest of justice to transfer the case.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's IFP Application (ECF No. 8) is **DENIED**.  The Government's Motion for Summary Dismissal (ECF No. 9) is **GRANTED**.  Plaintiff's Amended Complaint (ECF No. 11) is **DISMISSED**.  The Clerk is directed to enter judgment accordingly.

Furthermore, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith.

**SO ORDERED.**

Dated: July 20, 2023                    /s/ *Kathryn C. Davis*
                                        KATHRYN C. DAVIS
                                        Judge